THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DONNA GERMON, as Administrator of the Estate of Rachel M. Germon, and as surviving parent of Rachel M. Germon, | * * * * * | |
| Plaintiff, | * | CIVIL ACTION FILE No. 4:23-cv-00100-WMR |
| v. | * * | |
| STEPHEN R. BOYD, SR., *et al*. | * * * | |
| Defendants. | * | |

**PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS
THE COUNTERCLAIMS OF DEFENDANTS STEPHEN BOYD
AND HIS COMPANIES[1] AND BRIEF IN SUPPORT**

**I.     INTRODUCTION**

On May 22, 2022, Rachel Germon fell over 14,000 feet to her death while attempting her first advanced freefall skydive at Skydive Spaceland Atlanta.

---

[1] This is a Rule 12(b)(6) motion to dismiss the identical counterclaims of Defendants Air Support, Inc. (ECF No. 26), Stephen Boyd, Sr. (ECF No. 28), S.M.E. Properties, LLC (ECF No. 30), Desert Sand Aircraft Leasing Co. (ECF No. 32), Desert Eagle Aviation, Inc. (ECF No. 34), Capital Air Park, Inc. (ECF No. 36), Performance Plus, Inc. (ECF No. 38), Drop Zone Management, Inc. (ECF No. 40), and B & B Aviation, LLC (ECF No. 42) (collectively the "Counterclaims"). Because those nine defendants filed identical Counterclaims, Plaintiff has filed only one motion to dismiss.

1

Jumping with her on that first attempt was a Skydive Spaceland Atlanta instructor named Austin Dailey.  As a certified advanced freefall instructor, Dailey's primary purpose was to make sure that Rachel successfully deployed her parachute and landed safely.

But during the roughly two minutes Rachel was falling before she hit the ground at almost 180 miles per hour, Dailey repeatedly failed in his primary purpose as Rachel's skydiving instructor.  He gave disorienting hand gestures that confused Rachel; he intentionally released his hold on her flight suit twice; he attempted to pass over her body while they were falling; he failed to ensure that either her main or reserve parachute properly deployed; and, after all those failures, he shoved Rachel away from him just seconds before she hit the ground.  Rachel expected none of those actions and was not prepared by any of her training for so many repeated failures.

Several of Dailey's acts standing alone were grossly negligent.  But when combined, there is no doubt that Dailey's repeated failures rose to the level of gross negligence under Georgia law.

Rachel's mother, Donna Germon, filed this case on May 18, 2023.  Mrs. Germon's Complaint is 67 pages long and has more than 300 individually numbered paragraphs.  Over half of those paragraphs describe the facts of Rachel's

jump. Mrs. Germon describes in detail Dailey's repeated failures as Rachel's instructor and explains why those failures rise to the level of gross negligence.

In response to her Complaint, Defendant Stephen Boyd, the owner of Skydive Spaceland Atlanta, and his companies[2] filed Answers that also included identical breach of contract Counterclaims against Mrs. Germon. *See* ECF Nos. 26, 28, 30, 32, 34, 36, 38, 40, 42. In those Counterclaims, Boyd and his companies allege that, before Skydive Spaceland Atlanta killed her, Rachel signed a waiver that released Boyd and his companies for all claims related to her injuries and death,[3] and that Mrs. Germon breached that agreement when she filed this lawsuit. ECF Nos. 26, 28, 30, 32, 34, 36, 38, 40, 42. Boyd and his companies seek to recover attorneys' fees and "reputational damages." *Id.* ¶ 25.

In their Counterclaims, Boyd and his companies expressly acknowledge that under Georgia law, liability waivers can only bar claims for simple negligence and are unenforceable when applied to claims for gross negligence. *Id.* ¶ 23.[4] But

---

[2] Stephen Boyd is the owner of Defendants Air Support, Inc., S. M. E. Properties, LLC, Desert Sand Aircraft Leasing Co., Desert Eagle Aviation, Inc., Capital Air Park, Inc., Performance Plus, Inc., Drop Zone Management, Inc., and B & B Aviation, LLC. They are referred to herein as "Boyd and his companies."
[3] Plaintiff does not address the enforceability of the waiver that Rachel Germon signed before her death in this filing. Plaintiff will seek discovery about the circumstances of Rachel's signing of the waiver.
[4] "The general rule in Georgia is that a contractual waiver of liability for *simple* negligence is valid." *Williams v. Cox Enterprises, Inc.*, 159 Ga. App. 333, 334–35

3

despite Mrs. Germon's detailed allegations of their gross negligence, Boyd and his companies offer no factual allegations to support their breach counterclaim. Each counterclaim simply announces the legal conclusion that "the factual allegations contained in the Complaint against th[ese] Defendant[s] amount to nothing more than simple negligence." *Id.* ¶ 24. Boyd and his companies don't offer any factual description of the incident or make any factual allegations to support their contention that Dailey's actions "amount to nothing more than simple negligence."

Because Boyd and his companies have offered nothing more than "naked assertions devoid of further factual enhancement" their Counterclaims "do not plausibly suggest" that Mrs. Germon breached the waiver agreement by seeking to recover for the gross negligence that caused Rachel's death. *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, the Counterclaims should be dismissed under Rule 12(b)(6).

---

(1981) (emphasis added). But Georgia courts have consistently held that such waivers can never "relieve a party from liability for acts of gross negligence or willful or wanton conduct." *See, e.g., McFann v. Sky Warriors, Inc.,* 268 Ga. App. 750, 758 (2004) (liability waiver not enforceable against gross negligence claims); *Holmes v. Clear Channel Outdoor, Inc.*, 284 Ga. App. 474, 477 (2007) (same); *Turner v. Walker Cnty.*, 200 Ga. App. 565 (1991) (same); *Hall v. Gardens Services, Inc.*, 174 Ga. App. 856 (1985) (same).

In addition, even if Boyd and his companies' naked assertion that Mrs. Germon's allegations only amount to simple negligence is true, multiple acts of simple negligence can rise to the level of gross negligence. *E.g.*, *Aetna Cas. Co. v. Marshall*, 699 S.W.2d 896, 903 (Tex. App. 1985). Thus, even assuming that Boyd and his companies are correct about Mrs. Germon's allegations, she has still alleged that gross negligence killed her daughter because she identified multiple acts of simple negligence. In fact, she made that very allegation in her Complaint. Compl. ¶ 176 ("When combined, Dailey's actions constitute gross negligence under Georgia law."). As a result, **and even assuming that Boyd and his companies' conclusory allegations are true**, Mrs. Germon did not breach Rachel's pre-death waiver by filing this case, and this Court should dismiss the Counterclaims for failure to state a claim.

Finally, Boyd and his companies seek to recover for an alleged injury to their reputation, but their sole allegation to support that claim is that Mrs. Germon filed a lawsuit against them. *See, e.g.,* ECF No. 26, Countercl. ¶ 26. It is well settled under Georgia law that allegations in legal pleadings are privileged and can never form the basis of a claim for reputational injury. *See* O.C.G.A. § 51-5-8. Thus, at a minimum, the Court should dismiss Boyd and his companies' demand for alleged reputational damages.

The lack of factual support for the Counterclaims and the request for damages that are barred as a matter of law prove that Boyd and his companies don't really believe they have viable claims against Mrs. Germon. Indeed, if Boyd and his companies were correct about Mrs. Germon's allegations, surely, they would have filed their own motions to dismiss. That they did not do so should tell the Court everything it needs to know about the viability of the Counterclaims and the actual intentions of Boyd and his companies in suing Mrs. Germon.

## II.   ARGUMENT AND AUTHORITY

### A.   Legal Standard

Complaints and counterclaims must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Fed. R. 12(b)(6), a claim must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has explained that:

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 556 U.S. at 678 (2009) (internal quotes and citation omitted). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although well pleaded *facts* must be accepted as true, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### B. Boyd and his companies fail to allege facts supporting an alleged breach of contract.

Because they concede that the waiver agreement could not bar claims for gross negligence, Boyd and his companies must allege facts to support their contention that the conduct that killed Rachel Germon "amounts to nothing more than simple negligence." They do not and therefore fail to satisfy the pleading standards of *Twombly* and *Iqbal*.

"The essential elements of a breach of contract claim under Georgia law are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *McKinnon v. Fin. of Am. Reverse LLC*, No. 1:18-CV-05322-WMR, 2020 WL 13669023, at *2 (N.D. Ga. May 27, 2020). While they plead facts alleging that a contract was formed, *see, e.g,* ECF No. 26, Countercl. ¶¶ 15-23, Boyd and his companies don't allege any facts to support Mrs. Germon's alleged

breach of that contract. *See Roe v. Aware Woman Cent. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001) (federal pleading standards "requires that a complaint contain inferential allegations from which we can identify *each* of the material elements necessary to sustain a recovery under some viable legal theory") (emphasis added).

Putting aside jurisdictional allegations, the Counterclaims contain 13 substantive paragraphs. *Id.* ¶¶ 14-26. But only **2** of those paragraphs contain any allegations about Mrs. Germon's alleged breach of the waiver agreement. Those paragraphs say:

> 24. While Plaintiff's lawsuit purports to bring claims against this Defendant for gross negligence, the factual allegations contained in the Complaint against this Defendant amount to nothing more than simple negligence.
>
> 25. Plaintiff has therefore breached the Contract by initiating the present lawsuit.

*See, e.g.*, ECF No. 26, p. 58, ¶¶ 24-25. Those are merely naked assertions that Mrs. Germon breached the waiver agreement and cannot support a counterclaim for breach of contract.

Courts in this District and Circuit routinely dismiss breach of contract claims when a party fails to adequately allege facts supporting breach. *See, e.g., Kellogg v. Fannie's Inc.*, 1:18-CV-1929-MHC, 2019 WL 13245096, at *3 (N.D. Ga. Jan.

11, 2019) (dismissing breach of contract counterclaim because "Fannie's merely states that Kellogg 'materially breached her agreement with Fannie's to this effect[,]' but this statement is too vague to fulfill pleading standards because it does not state how Kellogg breached the supposed agreement").[5]

Although a pleading need not contain "detailed factual allegations," it must contain more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). And the Court must ignore all legal conclusions "masquerading as facts." *Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1188. Boyd and his companies' naked assertions that Plaintiff "breached the Contract by initiating the present lawsuit" is not a factual

---

[5] *See also Copelan v. Elite Lending Partners*, 5:13-CV-95 MTT, 2013 WL 4786239, at *3 (M.D. Ga. Sept. 6, 2013) (plaintiffs failed to state breach of contract claim where they made "only conclusory statements," "plead[ed] no additional facts regarding the circumstances of these alleged breaches, nor [suggested] the alleged breaches were anything more than de minimus"); *Kinard v. Gallina*, CV 616-040, 2017 WL 2198180, at *4 (S.D. Ga. May 18, 2017), *aff'd*, 714 Fed. Appx. 974 (11th Cir. 2018) (unpublished) ("Plaintiffs' claim fails because Plaintiffs have not alleged sufficient facts to show that [defendants] breached the Contract," stating that plaintiffs' allegation that defendants "breached this Contract" was insufficient without "specific facts explaining how [defendants] "failed to perform" or showing what it did not do that it should have done"); *Perdum v. Wells Fargo Home Mortg.*, 117CV00972SCJJCF, 2017 WL 8186694, at *13 (N.D. Ga. Dec. 8, 2017) (plaintiff failed to plausibly allege material breach because claim was "comprised of myriad conclusory assertions" and "[f]ew of these assertions allege specific factual conduct [defendants are] supposed to have engaged in that constitutes a breach of contract.").

9

allegation. It is a legal one. So too is their contention that Mrs. Germon's allegations "amount to nothing more than simple negligence." ECF 26, Countercl. ¶ 24. Such conclusory, legal statements without any factual support are insufficient to support a breach of contract claim and require dismissal of the Counterclaims in their entirety. *Iqbal*, 556 U.S. at 678.

### C. Even if Plaintiff alleged only simple negligence claims, multiple acts of simple negligence can amount to gross negligence.

Even if this Court concludes that the Counterclaims have any factual allegations that could support a claim for breach, the Counterclaims still fail to state a claim because Boyd and his companies do not contend that Mrs. Germon failed to allege simple negligence, and multiple acts of simple negligence can constitute gross negligence.

In her Complaint, Plaintiff describes at least seven specific acts of negligence by Dailey. *E.g.*, Compl. ¶ 227 (summarizing allegations). Boyd and his companies don't dispute those acts in their Counterclaims or offer any factual allegation that the acts themselves were proper or are only simple negligence. But even if each of those seven acts "amount to nothing more than simple negligence," taken as a whole they can amount to gross negligence, just as Plaintiff alleged. Compl. ¶ 176 ("When combined, Dailey's actions constitute gross negligence under Georgia law.").

While Georgia courts have not reached this issue,[6] many courts across the country have held that multiple acts of simple negligence can constitute gross negligence when interpreting similar or even stricter gross negligence standards than Georgia's.[7]  Because multiple instances of simple negligence can be gross

---

[6] In Georgia, the absence of "slight diligence" is termed gross negligence. O.C.G.A. § 51–1–4.  "[S]light diligence is that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances." *Id*.

[7] *See Aetna Cas. Co.*, 699 S.W.2d at 903 ("A defendant's single action may be no more than ordinary negligence; however, when considered along with other negligent acts, it may become an element of what collectively constitutes gross negligence); *see also Clements v. Steele*, 792 F.2d 515, 517 (5th Cir. 1986) (gross negligence may be established where defendant's acts of ordinary negligence demonstrated that defendant was consciously indifferent); *Kuykendall v. Young Life*, 261 F.App'x 480, 489 (4th Cir. 2008) (multiple acts of simple negligence can amount to gross negligence where cumulative effect of the negligent acts demonstrates an utter disregard of prudence amounting to an indifference to others' health and safety); *Chapman v. City of Va. Beach*, 252 Va. 186, 190 (1996) (several acts of negligence which separately may not amount to gross negligence, when combined may have a cumulative effect showing a form of reckless or total disregard for another's safety); *Nationwide Mut. Fire Ins. Co. v. Detroit Edison Co.*, 95 Mich. App. 62, 69 (1980) (jury question was raised as to whether multiple acts of negligence, each of which had a cumulative effect, amounted to commission of gross negligence); *Seiden v. Baker Tilly Hong Kong Ltd.*, No. 17-CV-02583 (LTS), 2019 WL 1316471, at *4 (S.D.N.Y. Mar. 22, 2019) ("Courts have characterized gross negligence as an act or acts that smack of intentional wrongdoing or a failure to exercise even slight care, where there were several acts of negligence with foreseeably severe cumulative effect."); *Glascock v. Anderson*, 257 P.2d 617 (Or. 1953) ("It should be pointed out, in this connection, that, although it may be shown that the occurrence was preceded by several acts of ordinary negligence, it is only when all of these acts combined with the existing circumstances show a foolhardy attitude on the part of the driver that gross negligence has been established"); *Horton v. Union Light, Heat & Power Co.*, 690

11

negligence, Mrs. Germon could not have breached the waiver agreement by filing a case alleging multiple acts that "amount to nothing more than simple negligence." As a result, the Counterclaims should be dismissed even if the Court does not disregard Boyd and his companies' conclusory, legal allegations about her alleged breach.

### D. Statements in legal pleadings are privileged and cannot support a claim for alleged "reputational damages."

In addition to attorneys' fees, Boyd and his companies also seek to recover for "damage" to their reputations based on the allegations in Plaintiff's Complaint. *See, e.g.,* ECF No. 26, Countercl. ¶ 26. Georgia law affords Plaintiff an "absolute privilege" over the allegations in her complaint,[8] and her allegations cannot serve as the basis for reputational or defamatory damages.

> All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought … [h]owever false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous.

O.C.G.A. § 51-5-8.

---

S.W.2d 382, 388 (Ky. 1985) (*quoting Brown v. Riner*, 500 P.2d 524, 528 (Wyo. 1972)) ("Even where a single act of negligence might not constitute gross negligence, gross negligence may result from the several acts.").
[8] "Communications which are afforded an absolute privilege cannot form the basis of a defamation action, regardless of the falsity of the statements or the speaker's malicious intent." *Renton v. Watson*, 319 Ga. App. 896, 900 (2013).

In applying O.C.G.A. § 51-5-8, Georgia courts have consistently held that counterclaims seeking damages for statements made in pleadings fail as a matter of law. *See, e.g., Watkins v. Cap. City Bank & Guar.*, 119CV04345ELRCMS, 2020 WL 9607008, at *4 (N.D. Ga. Jan. 31, 2020), *aff'd and remanded*, 859 Fed. Appx. 553 (11th Cir. 2021) ("There is well settled Georgia law establishing that such defamation or libel claims are barred because the pleadings filed in a lawsuit, including the exhibits, are privileged as a matter of law"); *Torok v. Yost*, 176 Ga. App. 149, 150 (1985), aff'd, 256 Ga. 92 (1986) (affirming dismissal of defendant's counterclaim because statements made in pleadings are privileged and per se not libelous under O.C.G.A. § 51-5-8); *Stewart v. Walton*, 254 Ga. 81, 81 (1986) (trial court should have granted summary judgment on defendant's counterclaim because counterclaim sought damages for allegations made in pleadings which are "at all times and without exception, absolutely privileged") (emphasis in original); *Sevostiyanova v. Tempest Recovery Servs., Inc.*, 307 Ga. App. 868, 874 (2011) (plaintiff's allegations were privileged and not libelous as a matter of law).

Indeed, Boyd and his Boyd Entities seek relief that has not been available under Georgia law ***for over 135 years***. Since 1888, Georgia courts have recognized that statements made in pleadings cannot give rise to a claim for "reputational" damages. *Wilson v. Sullivan*, 81 Ga. 238 (1888) ("the free and

13

unfettered administration of justice" requires that "statements made in any of the pleadings or proceedings in a cause before a court … are absolutely privileged. . . against a suit for libel or slander"). "The wisdom of so broad a privilege lies in the recognition that, without it, every complaint filed could generate a counterclaim for defamation. *Stewart*, 254 Ga. at 81. "This privilege rests on public policy, which allows all suitors (however bold and wicked, however virtuous and timid) to secure access to the tribunals of justice with whatever complaint, true or false, real or fictitious, they choose to present*." Wilson*, at 276 (1888).

Mrs. Germon did nothing wrong when she filed this case. She has caused no damage to Boyd and his companies by making truthful allegations about her daughter's tragic and unnecessary death. But, even if those truthful statements had somehow "damaged" Boyd and his companies, their Counterclaims seeking "reputational damages" are barred by Georgia law.

### III.   CONCLUSION

Plaintiff asks this Court to dismiss Boyd and his companies' Counterclaims in their entirety for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). If the Court does not dismiss the Counterclaims outright, Plaintiffs ask this Court to dismiss the Counterclaims' demand for alleged reputational damages.

Respectfully submitted this 19th day of July, 2023.

        CANNELLA SNYDER, LLC

        */s/ Robert H. Snyder, Jr.*
        ROBERT H. SNYDER, JR.
         Georgia Bar No. 404522
         rob@cannellasnyder.com
        WILLIAM D. ORTIZ
         Georgia Bar No. 327613
         will@cannellasnyer.com
        (404) 800-4828
        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030

        STALLMAN LAW, LLC
        JEREMY D. STALLMAN
         Georgia Bar No. 119441
         jeremy@stallman.law
        1834 Independence Square
        Atlanta, GA 30338
        (770) 727-5775
        ***Attorneys for Plaintiff***